**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DaJuan Torrell Williams, | No. CV-22-00154-PHX-MTL (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| County of Yuma, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Objection to the Magistrate Judge's Order at Doc. 218. (Doc. 222.) The Government filed its response. (Doc. 228.) For the following reasons, the Court will overrule Plaintiff's objections and affirm the Magistrate Judge's Order.

**I.**

Congress has established the office of United States Magistrate Judge and conferred upon it the authority "to hear and determine any pretrial matter pending before the court," except for certain matters not at issue here. 28 U.S.C. § 636(b)(1)(A). Dissatisfied litigants have the option of filing objections to magistrate judge rulings to the district court. *Id.* For non-dispositive matters, as is the case here, a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

"An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)).

1  In reviewing a non-dispositive pretrial order, the district court "may not simply substitute
2  its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236,
3  241 (9th Cir. 1991).

## II.

Plaintiff's objections relate to the Magistrate Judge's order denying his motion for clarification. (Doc. 218.) In that motion, Plaintiff sought clarification "as to which matters are ripe for appeal and/or how many Notices of Appeals are/would have been appealable up to this point." (Doc. 205.) In so denying his request, the Magistrate Judge determined (1) Plaintiff did not timely file a reply in support of his motion, and (2) Defendants accurately explained why any appeal would be untimely. (Doc. 218.) The Magistrate Judge also informed Plaintiff that the Court "may not advise Plaintiff as to how to proceed in a civil matter." (*Id.*)

Plaintiff argues the Magistrate Judge's order is clearly erroneous or contrary to law because (1) he had until March 13, 2025, to file a reply in support of his motion for clarification; and (2) he "never listed or designated any of [his] Notices of Appeal as 'interlocutory' appeals," and an interlocutory appeal would be improper because final judgment has been entered. (Doc. 222.)

Starting with the first objection: Plaintiff filed his motion for clarification on February 14, 2025 (Doc. 205), and the Government timely responded on February 28, 2025 (Doc. 212). By local rule, Plaintiff had until March 7, 2025, to file a reply. Plaintiff claims he did not receive the Government's response until March 6, 2025, which means his deadline to reply should have been extended to March 13, 2025—the day after the Magistrate Judge prematurely denied his motion. (Doc. 222.) But Plaintiff receives electronic case filings in this matter. And in any event, a reply brief would not have significantly aided the Court in resolution of Plaintiff's motion for clarification, as the motion, in substance, improperly sought legal advice from the Court. Therefore, the Magistrate Judge did not err when it determined Plaintiff did not timely reply and considered his motion without a reply brief.

As to Plaintiff's second objection, the Magistrate Judge's determination that it cannot give Plaintiff legal advice is not clearly erroneous or contrary to law. Advising Plaintiff as to which appeals are proper and when said appeal should be filed would undoubtedly constitute legal advice from the Court, which the Court cannot and will not provide. *See Jacobsen v. Filler*, 790 F.2d 1362, 1365-66 (9th Cir. 1986) (explaining that providing legal advice to a pro se litigant "would entail the district court's becoming a player in the adversary process rather than remaining its referee."); *Rao v. AmerisourceBergen Corp.*, No. CIV S-08-1527 DAD PS, 2011 WL 1464378, at *1 (E.D. Cal. Apr. 15, 2011) ("To the extent that plaintiff is seeking legal advice from the court, plaintiff is informed that the court cannot provide litigants with legal advice or act as an advocate for any litigant.").

## III.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (Doc. 222) are overruled.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Order (Doc. 218) is affirmed.

Dated this 18th day of April, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge