WO                                                                                                          KAB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DaJuan Torrell Williams,<br><br>          Plaintiff,<br><br>v.<br><br>Alvarez, et al.,<br><br>          Defendants. | No. CV-22-00154-PHX-MTL (CDB)<br><br>**ORDER**<br>Consolidated with:<br>CV-22-01118-PHX-MTL (CDB)<br>CV-22-01120-PHX-MTL (CDB)<br>CV-22-01163-PHX-MTL (CDB) |

Plaintiff DaJuan Torrell Williams, who is confined in the Arizona State Prison Complex-Eyman, brought four pro se civil rights actions under 42 U.S.C. § 1983. The cases were consolidated, this being the lead action. Pending before the Court are: (1) Defendants' Motion to Stay (Doc. 240); (2) Plaintiff's Motion Requesting a Status Conference to Set a Trial Date (Doc. 241); and (3) Plaintiff's Motion for Judgment (Doc. 244).

**I.     Defendants' Motion to Stay**

Defendants request that the Court stay this action pending the Ninth Circuit Court of Appeals' resolution of Plaintiff's interlocutory appeals.

**A. Background**

In a February 7, 2024 Order, the Court granted Defendants' Motion for Summary Judgment in part and denied it in part as to portions of Counts Six and Seven of the operative Complaint in 22-01120. (Doc. 153.)  The Court granted the Motion as to the October 29, 2021 confiscation of 80 photos and dismissed without prejudice the First

Amendment claim in Count Six relating to the October 29, 2021 confiscation of 80 photos for failure to properly exhaust available administrative remedies. (*Id.*) In a September 27, 2024 Order, the Court granted summary judgment in favor of Defendant Acosta and dismissed Counts One, Three, and Five and Defendants Yuma County, Wilmot, Acosta, James, Vargas, Milner, Ana Duarte, Arriola, Ruelle, Walker, Silva, Gomez, Guerrero, Oberosler, Frank Duarte, Figueroa, and Flores in CV 22-00154; dismissed Count Four and Defendants Yuma County, Wilmot, Milner, Cooper, Duarte, Gomez, and Guerrero in CV 22-01118; dismissed Count Four, the official capacity claims, and Defendants Rangel and Yuma County in CV 22-01120; and dismissed Counts One through Three and Defendants Alvarez, Russom, Rendon, Cooper, Guerrero, Ruelle, Sanchez, Lopez, Aguayo, Perez, Navarro, Zepeda in CV 22-01163. (Docs. 175, 177.) By separate Order on September 27, 2024, the Court referred this matter to a Settlement Conference. (Doc. 176).

In a November 13, 2024 Order, the Court dismissed Counts Six and Seven and Defendants Espinoza, Quiroz, Wilmot, Milner, Cooper, Duarte, Gomez, Guerrero, and Oberosler from CV 22-01120 and directed the Clerk of the Court to enter Judgment in CV 22-01120 and to enter Judgment in CV 22-01118. (Doc. 191.) The Court did not make any Rule 54(b) findings of no just reason for delay in directing that those Judgments be entered and there are no final judgments as to those claims.

In the November 13, 2024 Order, the Court found that Rule 54(b) Judgment was warranted in favor of Defendant Acosta and directed the Clerk of the Court to enter Judgment in favor of Defendant Acosta in CV 22-00154. (*Id.*) The same day, Judgment was entered for Defendant Acosta. (Doc. 192). In a February 24, 2025 Order, the Court granted summary judgment in favor of Defendant Cooper and directed the Clerk of the Court to enter Judgment for Defendant Cooper in CV 22-00154. (Doc. 207.) The Clerk of the Court entered Judgment in favor of Defendant Cooper the same day. (Doc. 208.) With regard to the Judgment against Defendant Cooper, the Court did not make a Rule 54(b) finding of no just reason for delay, and the February 24, 2025 Judgment is therefore not final. (*Id.*) The Clerk of the Court has entered no other Judgments in this action.

On February 27, 2025, Plaintiff filed four notices of interlocutory appeal regarding the Court's February 24, 2025 Order (Doc. 207) and the Clerk's Judgment against Defendant Cooper (Doc. 208) (Doc. 213); the Court's November 13, 2024 Order and the Judgment in favor of Acosta (Docs. 191 and 192) (Doc. 214); the Court's September 27, 2024 and October 1, 2024 Orders (Docs. 176 and 177) (Doc. 215); and the Court's February 7, 2024 Order (Doc. 153) (Doc. 216.) The sole remaining claim in this action is in Count Four against Defendant Arriola in CV 22-01163.

**B. Discussion**

Defendants assert that the Court should stay this action pursuant to *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) until the Ninth Circuit Court of Appeals decides Plaintiff's appeals. "A district court has discretionary power to stay proceedings in its own court under *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

"Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Id.* at 1110 (citation omitted). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citation omitted). The proponent of a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Defendants assert that the first and second factors weigh in favor of granting a stay because "Plaintiff will not be harmed by the short and finite time it would take for the Ninth Circuit to rule on Defendants' motions to dismiss the appeals for lack of jurisdiction." (Doc. 240 at 3.) This argument is unconvincing because if the Ninth Circuit grants the Motions to Dismiss for lack of jurisdiction, this renders a stay entirely unnecessary. Defendants argue that even if the Ninth Circuit takes jurisdiction over the appeals, Plaintiff will not suffer harm in waiting to try his remaining claim against Defendant Arriola and Defendants will suffer harm by having to conduct multiple trials. This argument is likewise

unconvincing.  First, as an initial matter, the argument assumes that Plaintiff will succeed on appeal.  Second, this matter would be delayed for an unknown amount of time and any time a trial is delayed for a significant amount of time, prejudice can result.  Further, Defendants have not shown that Plaintiff's appeals are sufficiently related to the remaining claim such that Defendants would suffer any prejudice if they had to defend multiple trials regarding entirely different claims against Defendant Arriola and, while it may have been more efficient to consolidate these cases for purposes of discovery, there is no demonstrated reason why the claims would need to proceed to trial together.  In short, Defendants have not met their burden of demonstrating that a stay is appropriate due to Plaintiff's pending interlocutory appeals and the Motion to Stay will be denied.

## II.   Plaintiff's Motion for Partial and Final Judgment

Plaintiff requests Rule 54(b) Judgment relating to his claims in CV 22-00154-PHX-MTL (CDB) and his claims in CV 22-01163-PHX-MTL (CDB) with the exception of the remaining claim against Defendant Arriola.  In Response, Defendants assert that they do not oppose Plaintiff's request except that Rule 54(b) Judgment was already entered as to Plaintiff's claims against Acosta in CV 22-00154-PHX-MTL (CDB).

Under Rule 54(b) of the Federal Rules of Civil Procedure, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court determines there is no just reason for delay."  Fed. R. Civ. P. 54(b).  Rule 54(b) "was adopted 'specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case.  The Rule thus aimed to augment, not diminish, appeal opportunity.'"  *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 897, 902-903 (2015)).

The Court already entered Rule 54(b) Judgment against Defendant Acosta.  Given that the remainder of Plaintiff's Motion for Rule 54(b) Judgment is unopposed, the Court finds no just reason for delay, and Plaintiff's Motion will be granted.

. . . .

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as (1) Defendants' Motion to Stay (Doc. 240); (2) Plaintiff's Motion Requesting a Status Conference to Set a Trial Date (Doc. 241); and (3) Plaintiff's Motion for Judgment (Doc. 244).

(2) Defendants' Motion to Stay (Doc. 240) is **denied**.

(3) Plaintiff's Motion for Judgment (Doc. 244) is **granted as set forth herein**.

(4) Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court must enter Judgment in favor of Defendants as to Plaintiff's claims in CV 22-00154-PHX-MTL (CDB) consistent with the Court's September 27, 2024 and February 24, 2025 Orders (Docs. 175, 177, 207.)

(5) Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court must enter Judgment in favor of Defendants as to Plaintiff's claims in in CV 22-01163-PHX-MTL (CDB) consistent with the Court's September 27, 2024 Orders (Docs. 175, 177).

(6) Plaintiff's Motion Requesting a Status Conference to Set a Trial Date (Doc. 241) is **denied without prejudice** as premature.

Dated this 3rd day of September, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge